CITY OF ATCHISON V. ELIZABETH M. KING.

1. WITNESS; *Examination; Practice.* Where an improper question is allowed to be asked of a witness, and does not appear to have been answered, an appellate court cannot say that there was any injury that would authorize a reversal.

2. CITY ORDINANCES; *Publication.* In an action against a city, the plaintiff need not prove the publication of an ordinance offered in evidence when said ordinance was passed several years before the trial of the action, and where the city had during all the time since its passage acted upon the ordinance as one in force.

3. EVIDENCE; *Opinions; Inferences.* Inferences and conclusions drawn by a councilman of a city acting as a committee, from an interview with a person having a claim against the city, are not evidence; much less is the report of such conclusions made by the councilman to the council.

4. ————— *Secondary Evidence.* Where the court for want of sufficient preliminary proof of the loss of a paper refuses to permit secondary evidence of its contents to be given, and afterward, on further proof of loss, admits such secondary evidence, there is no injury, and it is fruitless to inquire whether there was sufficient proof of loss in the first instance.

5. CITIES; *Negligence; Liability for Injuries; Sidewalks.* A city is liable not only for accidents occasioned by negligently constructing defective sidewalks on its streets, or by causing such defects in them after they are made, but also for negligently permitting defects to continue.

6. ————— *Contributing Causes.* If there be no fault on the part of the plaintiff, and the accident be the result partly of the slippery condition of the sidewalk, and partly from a defect therein, the plaintiff may recover.

7. INSTRUCTIONS, *predicated on Facts.* An instruction predicated upon a partial and imperfect state of facts, as shown in the testimony, ought not to be given.

8. DAMAGES; *Physical Injuries.* The measure of recovery is for the loss of time, for expenses, and for physical pain which had resulted from the injury up to the time of the commencement of the action; and if the plaintiff is still disabled from such injury, such further damages as appears from the evidence to be the natural and probable result of such injuries.

9. PRACTICE; *Exceptions should be specific and certain.* Where it appears that a long and elaborate general charge is given by the court, covering numerous points, and there is only an exception in these words, "defendant excepting," without any specification as to what part of the charge is complained of, this court will not look over the whole charge to hunt for an error, to which the attention of the court below had not been called.

10. COSTS—*When not recoverable against Cities; Pleading and Proof.* In actions against cities of the second class, for unliquidated damages, there can be no recovery for costs unless the claim has been presented to the city council for its action; and where there is no averment in the petition of such presentation, the plaintiff will not be allowed to prove that fact.

## *Error from Atchison District Court.*

MRS. KING brought her action against *The City of Atchison* to recover damages for injuries received by her by reason of defects in a sidewalk of said city. The action was tried at the June Term 1871. Verdict and judgment for plaintiff. The pleadings and the evidence are sufficiently stated in the opinion. The counsel for the city asked the court below to

give certain instructions, of which the following were refused:

"1st. The defendant, the City of Atchison, was not legally bound in the years 1867, 1868, 1869, to build the sidewalk on the east side of Fourth street, between Commercial street and Kansas avenue, nor to keep the same in repair; and unless the plaintiff shall establish to the satisfaction of the jury either that the defendant through its officers or agents constructed said sidewalk, with the opening or defective place complained of in it, or caused such opening or defective place to be afterward made or placed there, then the plaintiff cannot recover, and the jury must find for the defendant.

"5th. The City of Atchison is not liable for damages caused by a sidewalk being wet and slippery from fall of rain, snow or sleet, or other natural cause, unless such sidewalk be permitted so to remain wet and slippery by the fault and negligence of the city authorities for an unreasonable length of time; and if the jury find that the injury to the plaintiff was caused partly from the sidewalk being wet and slippery, without the fault or negligence of the city authorities, and partly from the opening or defective place in the sidewalk, then the plaintiff cannot recover, and the jury must find in favor of the defendant.

"9th. If the jury find from the evidence that the injury was received by plaintiff by reason of the removal of a plank from the walk, by some person, on the day of the accident, without the knowledge or consent of any of the officers of the city of Atchison, and of which removal they had no actual notice before the accident occurred, then no negligence is shown against the defendant, and the jury must find in favor of the defendant."

The city excepted to the refusal to give each of these instructions, and excepted generally to the charge of the court. New trial refused, and the city brings the case here for review. The district court gave judgment in favor of the plaintiff for *costs of suit*, as well as for the damages assessed by the jury.

*D. Martin*, for plaintiff in error. [No brief on file, and reporter has been unable to obtain a copy.]

*W. W. Guthrie,* for defendant in error:

1. It was not error to admit Challiss' testimony as to ownership of the lot adjoining the defective sidewalk. It was only preliminary, and not evidence on "question of title." The *title* was not the matter in question.

2. Ordinance No. 252, without prior proof of publication, was rightfully admitted. Sec. 7, ch. 68, Laws of 1867, p. 108, is only *directory* as to publication, like § 17, art. 2 of constitution; not like § 19, when inoperative until publication. But said ordinance was not of a "general nature." See 1 Kas., 178.

3. That secondary evidence of contents of paper, without proof of loss, is not competent, needs no argument. 1 Greenl. Ev., § 84; 12 Conn., 392; *Fitch v. Bogue,* 19 id., 285. But after proof of loss had been made, plaintiff in error recalled both Glenn and Mrs. King, and made full proof of the contents of the paper; hence there exists no ground of complaint for excluding such evidence in the first instance.

4. Miss D. was called by plaintiff on rebuttal. Rebuttal to what? To Doct. L.'s testimony of plaintiff's complaints to him. Either this is shown, or no foundation is laid. If defendant showed complaints by plaintiff, she certainly might show of what she complained. But from the bill of exceptions can this court say there was error? It is not shown that Miss D. gave any testimony. A question without an answer is no evidence, or cause of error. 8 Kas., 444.

5. The instructions asked by defendant (1st, 5th, and 9th,) upon the question of the city's liability for omitting to maintain, and keep in good repair, the necessary and proper sidewalks, are not law, and were rightly refused. The decision of this court in *Topeka v. Tuttle,* 5 Kas., 311, upon the liability of a city not keeping and maintaining its streets in safe and proper condition, would seem to settle the question here. And see the case of *City of Detroit v. Blakely,* 9 Am. L. Reg., 670. *Blake v. City of St. Louis,* 40 Mo., 569, was decided upon like corporate authority as in this case. 35 Ill., 58; 30

Conn., 118.  See clauses 2 and 31 of § 30 of the charter of cities of the second class, ch. 19, Gen. Stat.  The defendant admits that Atchison is a city of the second class, which alone has the authority within its jurisdiction "to make sidewalks and levy taxes therefor."  This is done by ordinance as the authorized way of action.  Ordinance No. 252 required this walk to be built under direction and to acceptance of city officials, and the costs certified to the council, not by the property owner. 37 N. Y., 568; 44 Barb., 385.

6. Proof of presentation of the claim to the city council for allowance, before suit brought, is only a question affecting the costs under § 33 of the charter: Ch. 19, Gen. Stat., p. 169.  But this was not a case coming within said § 33.

The amount allowed by the city on the claim presented is no defense to the action.  Payment "on account" is no settlement, and no bar, unless made and received as a full settlement.

The opinion of the court was delivered by

KINGMAN, C. J.: In the month of February 1869, the defendant in error, while walking on the sidewalk on the west side of Fourth street, in the city of Atchison, stepped through a hole in the sidewalk, and injured her leg thereby. To recover damages therefor she brought an action against the city, which was tried and resulted in a verdict for her, of $1,300.  To reverse the judgment rendered upon that verdict the cause is brought to this court, and various errors are alleged as occurring on the trial.  The record does not contain the evidence in the cause, only so much being stated as raises the questions as to its admissibility; nor does it contain all the instructions of the court.  We will examine the errors alleged, briefly, and announce our decisions thereon in their proper order.

I. The plaintiff asked one of her witnesses "to state who was the owner of the north part of the lot on which McCubbin's store stands, being a lot adjoining the sidewalk on the east side of Fourth street, between Commercial street and

Kansas avenue?" To this question defendant objected, and the objection was overruled. It does not appear whether the question was answered or not. It is not possible to see the object of the question, or its materiality, from the record. It is objected that title to real estate cannot be proven by such testimony. This is sometimes correct, not always; but conceding its accuracy, it does not appear that the title was so proved, for so far as we know, the question was not answered. Or, it may have been that the answer was, that the witness did not know who owned the lot. In such case the defendant would not have been injured by the question, no matter how erroneous it was. We cannot infer error from such facts. This has been frequently decided in this court.

*1. Witness; examination; practice.*

Another error alleged is, that Miss Dickinson "was called "in rebuttal by plaintiff, and having testified concerning the "health of plaintiff in the years 1867, and 1868, and that "sometime in the fall or winter of 1867 plaintiff called to see "Dr. Linley concerning her health, plaintiff then asked the "witness the following question: What did she complain of?" We are left entirely to conjecture, as to the object of the question, as we do not know what was the tendency of the previous testimony. The injury took place in 1869. How there came to be an inquiry into the health of plaintiff in 1867, we cannot tell. Again, it is uncertain from the record whether the question refers to what the plaintiff complained of to Dr. Linley, or to witness. If it was what she said to Dr. Linley when consulting him, then it was probably a proper question. If it was what was said to witness, then it was probably improper. But it does not appear to have been answered at all, and therefore this court cannot say there was error in any construction that may be given to the record.

II. The plaintiff offered in evidence an ordinance of the city of Atchison, No. 252, providing for the construction of a sidewalk on Fourth street, from Commercial street to Kan-

sas avenue, passed May 7, 1867. It was objected that it

**2. City ordi-nances; publication.** could not be read in evidence without the preliminary proof of publication, as directed by law. The law at the time of its passage required all ordinances of a general nature to be published in some newspaper, or by posting written or printed copies of the same in public places in the city: Laws 1867, p. 108, § 7. Whether the non-publication of such an ordinance as this would render it invalid, or not, need not be determined. The city having passed the ordinance four or five years before it was offered in evidence, and having acted upon it as valid, will not now be allowed in such an action to deny its publication. Such a rule would be a great inducement to cities to disobey the law. They get the benefits and escape the inconveniences of the law by such a course, as it would in most cases be impossible for a stranger to prove a publication four or five years after the passage of the ordinance, where the publication is by posted notices. Nor would the difficulty be much less where it was published in a newspaper, in a country where newspaper changes are as frequent as they are in this state. It was the duty of the city authorities to publish the ordinance. As they acted on it, the presumption is that it was duly published; * and at least this presumption is sufficient till the contrary appears.

III. The claim of plaintiff was submitted to the city council, and was referred to Mr. Buck, who conferred with the plaintiff and received certain statements from her, and re-

**3. Evidence; opinions; inferences.** ported verbally to the council. The defendant on this state of facts asked Mr. Buck what report and recommendation he made to the mayor and council as to

[*In *Prell v. McDonald*, 7 Kas., 446, this court held that when the book of ordinances is produced on the trial of an action, and an ordinance therein offered in evidence, "it is unnecessary to go into the proof of all the preliminary steps in passing and publishing said ordinance. The book itself of ordinances is *prima facie* evidence of the validity of the ordinance. If anything essential to its validity was omitted in passing or in publishing it, it devolves upon the party objecting to show such invalidity." In this case, (*City of Atchison v. King*,) the record does not show that the city clerk was called, or the "book of ordinances" was produced. The record is, "The *plaintiff* offered in evidence the following ordinance of the city of Atchison, to-wit, Ordinance No. 252," etc., "to which evidence defendant objected," etc.—REPORTER.]

the payment of said claim? The court refused to permit the witness to answer, and very correctly so ruled. There is no rule of evidence that will permit such testimony. If the defendant desired to show what took place between the witness acting on the part of the city and the plaintiff, such evidence was proper; but the inference and conclusions which the witness drew from such an interview are not evidence, much less what he reported as his inferences and conclusions.

IV. The court refused to permit secondary evidence of the contents of a paper to be given in evidence, but afterward, upon further proof of the loss of the original paper, the sec-

4. Secondary evidence.

ondary evidence was admitted. The learned counsel fail to show us how they were injured by the ruling of the court; nor are we willing to say that the ruling was not correct in the first instance. All the evidence ruled out as mentioned in the bill of exceptions was subsequently admitted, being in the same condition as that just mentioned.

V. The defendant asked several instructions, of which the first, fifth and ninth were refused, and these only appear in the record. The first of these instructions is clearly faulty

5. Cities; negligence of officers; liability for damages.

in this, that it requires a verdict for the defendant unless the city, through its officers or agents, constructed the sidewalk with the defect therein that was the cause of the accident, or caused such opening or defective place to be afterwards made or placed there. The instruction omits at least one essential element as to liability, and the very one, so far as we can glean from the meagre sketch of the evidence preserved in the record, that was the cause of the injury. That element is, if the city carelessly and negligently permitted the defect to exist, no matter how caused, after notice thereof to the city, or for so long a time that notice was presumable, then it became liable.

The second instruction (marked 5th) is to the effect that if the accident was partly caused by the wet and slippery condition of the sidewalk from the fall of rain, snow, or sleet,

without the fault or negligence of the defendant, and partly from the defective sidewalk, then the plaintiff cannot recover. 'The first impression on reading the instruction is that it is ·erroneous. For it lays down a principle that at a time when from the condition of the sidewalks in a city, by reason of a recent fall of rain, snow, or sleet, one most requires a good .and safe walk, then is when the liability of a city for a defect in the sidewalk substantially ceases. For it is on such occa-,sions that most accidents happen. The doctrine of the instruction seems to have. been fully recognized in Maine; .Morse v. Abbott, 32 Maine, 46; Moulton v. Inhabitants of Sanford, 51 Maine, 127; and there are remarks in the case of Marble v. City of Worcester, 4 Gray, 395, of the same tenor; but they must be˙ read in reference to the facts of the case, and the course of the argument of the learned judge delivering the opinion of the court. A contrary opinion is held ·in Palmer v. Andover, 2 Cush., 600, and in Hunt v. Pownall, :9 Vt., 411; Allen· v. Hancock, 16 Vermont, 230; .Winship v. Enfield, 42 New Hamp., 197. In Moulton v. Inhabitants of Sanford, the judge who delivered the opinion of the court did not question that the weight of authority was adverse to the decision in Maine, but insisted that it was sustained by reason. But one can hardly read the able dissenting opinion, in which three judges concurred, without a conviction that the reason is not altogether with the majority of the court. In such an injury as the one in this case there must always be two or more causes contributing to the injury, without any careless-ness on the part of the sufferer. There is in this case the .defective sidewalk, for which the city is responsible; there is, perhaps, (at least that possibility is involved in the instruc-⸴ tion,) the slippery condition of the sidewalk, for which no one is ·responsible; and there is the passing-over-it-of-the-plaintiff, for which she alone is responsible—unless indeed she was, .compelled by causes unknown, operating in endless succession upon each other, to walk over it. Indeed, she might have reached her destination by walking on another street. But in˙

·6. Contributing causes. If plaintiff is without fault, city is liable.

all these causes, proximate or remote, real or fancied, there was negligence in but one party, the plaintiff in error. Where the sufferer is in no fault, using ordinary care and diligence, and is injured by a defect in a public sidewalk, although the slippery state thereof may have combined with the defect to produce the accident, we cannot but hold that the city that constructs the walk, and invites people to walk upon it, and then permits it to remain in an unsafe and dangerous condition, is liable. So holding, the instruction was properly refused.

The ninth instruction was properly refused, as it is predicated upon the statement that a plank in the sidewalk was 7. Instructions removed on the same day of the accident, without predicated on facts. the knowledge or consent of the city authorities, and without notice to them, while the bill of exceptions shows that the defect had existed in as bad a condition for some days before as it was on the day the plank was removed. This omitted fact was an essential one to incorporate before the city could ask the court to say that no negligence was imputable on the part of the city for want of notice, even if notice were required.

VI. At the request of the plaintiff the court gave seven instructions, to all of which the defendant excepted, but only two are complained of in the brief. It is claimed that the 8. Measure of third instruction is erroneous as to the measure damages. of damages it lays down as a guide for the jury. In what respect is it erroneous is not pointed out. We shall content ourselves with saying it is in conformity with the rules usually laid down in the decided cases.

The seventh instruction given at the request of plaintiff is to the effect, that any payment made to plaintiff is not a bar to the action, unless it was made in full satisfaction for the injuries, and was by plaintiff accepted as such. The accuracy of these propositions of law, as a general principle, is not denied; but it is insisted that it should have been so modified in this case as to direct the jury that if the plaintiff below, in presenting her claim for damages to the city council, induced.

the council, either by representations, acts, or conduct, to

**9. Objections and exceptions should be specific and certain.**
believe that it was to be in full satisfaction of the claim, and the city, acting on such belief, made such payment, then the plaintiff was estopped from denying that such payment was a full settle- ment. It may be that the case presented facts that required some modification of the instruction as given; but in the absence of the evidence we cannot say that such was the case. There is no evidence of any payment in the case, though the answer avers a payment of $46, and the charge of the court speaks of the claim that the city made that the payment of $46 was in settlement of the claim. The court further says that if the jury find the fact so to be, they will return a verdict for the defendant; but if the jury find the $46 was paid only to aid the plaintiff in paying the actual expenses she had been at, in consequence of the injury, and not as a final settlement, then the plaintiff is entitled to recover, pro- vided her whole damage exceeds the $46. We cannot say there was any error in the instruction of the court. The charge of the court is full, and quite long, besides the charges given at the instance of the parties, and concludes with the words, "defendant excepting." To what part exception was taken, we cannot tell. So broad an exception did not call the attention of the court to any particular paragraph, and is not such an exception as demands the attention of this court. And this ruling is more readily made in this case, as a careful reading of the charge does not convince us that it contained any error.

VII. The remaining error is as to the judgment for costs. Sec. 33, ch. 19, Gen. Stat., 169, requires all claims against a city to be presented for allowance, and that no costs shall

**10. Costs, in actions against cities, in cases of un- liquidated damages.**
be recovered against the city in an action brought against it for any unliquidated claim which has not been presented to the city council to be audited.* This section must be held as covering

[* RE-ENACTED, as § 69, ch. 100, Laws of 1872, p. 212—said ch. 100 being the revised charter of cities of the second class.—REPORTER.]

a case like the one under consideration; and without a previous presentation, while a recovery may be had, there can be no recovery of costs. The reason of the law is obvious, and the requirement seems a very proper one. The question as to costs in this case is raised on this state of facts: There is no averment in the petition of the presentation of the claim to the city. When the plaintiff offered evidence to the court of the presentation of the claim, the defendants objected on the ground that there was no allegation to support it. The court overruled the objection, and admitted the evidence; and of course, if the evidence was admissible under the pleadings the plaintiff was entitled to the judgment for costs. But our impression is, that there was error in the admission of the evidence. It is a general rule that the proof must be justified by the allegations of the pleadings. We do not see any reason why this is an exceptional case; nor are we referred to any authorities. The plaintiff sought damages and costs. To recover for the former she must allege such facts as entitle her to them, and support the averments with corresponding proof, and in offering testimony must be held to the averments of the petition. So as to costs. Generally, averments and testimony that will authorize a recovery of damages, will authorize a recovery of costs; but where other facts are necessary to carry costs, such facts must be alleged as well as proven. Whether defendant was liable for costs, was an issuable fact, which the city had a right to contest, and was entitled to notice that such fact would be relied on; and the only appropriate place for such a notice was in the petition. Without such an averment the evidence was improperly admitted. The language of the section referred to is, that no costs shall be recovered against such city, etc., unless the claim has been presented to the city council; under this law, and under the facts as presented, there can be no costs recovered by the plaintiff against the city; and as there is no provision that the city shall recover costs in such cases, the judgment should be for the amount of the verdict for the plaintiff, and no judgment for costs in

36

favor of either party; and the case is remanded with directions to modify the judgment in accordance with this opinion.

All the Justices concurring.