## THE CITY OF ABILENE v. IDA HENDRICKS.

1. JURY, *No Error in Impaneling.* In an action against a city to recover damages for personal injuries alleged to have been received by reason of a fall occasioned by a defective or improperly-constructed sidewalk, the court instructed the clerk that, in calling the names found on the jury-list for the purpose of impaneling the jury, the clerk might omit the names of such persons as were known to be residents of the city; and the clerk did omit the names of two of such persons; but the jury, notwithstanding, was made up from the regular list of jurors, and an unexceptionable jury was obtained. *Held,* That no error was committed.

2. INSTRUCTION, *No Error in Refusing.* It is not error for a trial court to refuse to give an instruction to the jury which is not applicable to the case and might be misleading, although such instruction may in itself be good law.

3. CONDITION OF STREET; *Evidence.* Where one of the facts necessary to be proved in a case is the condition of a certain street and sidewalk at a particular time, *held,* that the court may, under some circumstances, without committing material error, permit evidence to be introduced tending to show the condition of such street and sidewalk immediately after such time; and in the present case, *held,* that the admission of such evidence was not material error.

4. EVIDENCE; *No Material Error.* Other matters with reference to the exclusion of certain evidence and with reference to the admission of certain other evidence tending to show that the claim of the plaintiff originally presented to the city council was verified, etc., considered, and, *held,* that no material error was committed.

*Error from Dickinson District Court.*

ACTION to recover damages for bodily injuries. At the February Term, 1885, judgment for plaintiff *Hendricks*, for $1,900. *The City* brings the case here. The opinion states the facts.

*W. P. Seeds*, and *Stambaugh, Hurd & Dewey*, for plaintiff in error.

*J. H. Mahan*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Ida Hendricks against the city of Abilene, to recover damages for personal injuries alleged to have been received by reason of a fall occasioned by a defective or improperly-constructed sidewalk. The case was tried by the court and a jury, and the jury found a general verdict in favor of the plaintiff and against the defendant, and assessed the damages at $1,900, and in accordance with this verdict the court rendered judgment. To reverse this judgment the defendant, as plaintiff in error, brings the case to this court.

As the finding of the jury was general and in favor of the plaintiff, we must assume that all the facts which the evidence in her favor tended to prove were sufficiently proved, and were and are true; and, viewing the case in this light, the principal facts are substantially as follows: The plaintiff was an unmarried lady, about thirty-three years of age, residing with her mother, a widow, in the city of Abilene. She had resided there for about six years prior to the injury complained of; but for about six weeks prior thereto, and up to within four or five days prior thereto, she had been absent from Abilene, and did not know what the condition of the streets was where the alleged injury occurred. The injury occurred after dark, at about 8 o'clock in the evening of September 10, 1883, at the northwest corner of North Third and Spruce streets, in the city of Abilene. It appears that a new

sidewalk, thirty-six feet in length, had, a short time before, been constructed on a portion of North Third street, commencing at Spruce street and going west thirty-six feet. At Spruce street the new sidewalk was about three and one-half or four feet higher than the old sidewalk, and that much higher than the two streets, and at the west end of this elevated portion of the sidewalk it was higher than the old sidewalk, but just how much higher is not shown. It is shown, however, that two boxes were placed at the west end of the new sidewalk and on the old sidewalk to enable persons to step from the old sidewalk to the new, and that it was just two steps from the old to the new. It also appears that there was a bakery abutting on North Third street and at the west end of the new sidewalk; that on the evening of the accident the plaintiff went into the bakery to get a loaf of bread; that afterward, when she came out, she stepped from the old sidewalk up onto the new, and passed along the new sidewalk to the east end thereof, where she fell from the new sidewalk to the cross-walk, about three and one-half or four feet down, and received the injuries of which she complains. The plaintiff, in her testimony at the trial, stated, among other things: "I think I went up a step. Yes, sir; it didn't make any impression on me. The walks in Abilene are so irregular I thought nothing of it." And again: "No, I never thought about it. I knew I fell, and that is all I thought about it at the time." There was a path in the street and on the ground around the new sidewalk in which many persons traveled, but the plaintiff had no knowledge of this path until some days after the accident. Many other persons, however, passed over the new sidewalk, and it was shown that some of these other persons had also fallen at the east end of the new sidewalk as the plaintiff fell. There were no guards to prevent persons from walking upon the new sidewalk, or to prevent their falling therefrom if they did walk upon it, and there were no lights to enable persons to see the condition of the sidewalk or the streets, or to avoid injury. The city authorities had full knowledge of the condition of the streets and the

sidewalk where the injury occurred.    The plaintiff was very badly and permanently injured by the fall.

Taking the foregoing facts as true, we think the plaintiff has a right to recover for her injuries, and that the judgment rendered in this case must be affirmed, unless some error occurred during the progress of the case which will require a reversal of the judgment.    We shall now proceed to consider the errors alleged by the plaintiff in error.

· I. It is alleged that the court below erred in impaneling the jury.    The specific thing complained of is, that the court below instructed the clerk that, in calling the names found on the jury-list for the purpose of impaneling the jury, the clerk might omit the names of such persons as were known to be residents of the city of Abilene, and the clerk did omit the names of two such persons, to wit, Armitage and Malone.    It seems to be admitted that these two persons were residents of Abilene, but whether they were tax-payers or not, is not shown.    The jury was made up from the regular list of jurors, and the jury seems to have been unexceptionable.    The only supposed irregularity in impaneling the jury was in passing over the names of these two persons and in calling the names of persons below them on the jury-list.    The defendant exhausted all its peremptory challenges, and neither Armitage nor Malone served on the jury.    We do not think that any material error was committed.    If Armitage and Malone were tax-payers of the city of Abilene, and probably they were, they were unquestionably incompetent to serve as jurors in this case.    (*Gibson v. City of Wyandotte,* 20 Kas. 156; *Corlett v. City of Leavenworth,* 27 id. 673.)    But even if they were not tax-payers, still, as they were residents of the city of Abilene, they would not make the best of jurors for this case. The case of *Hollenbeck v. Marshalltown,* 62 Iowa, 21, cited by the plaintiff in error, does not decide that such persons are competent as jurors in a case in which the city of their residence is a party; but all that it does decide is, that where a city is defendant in an action for damages, and the court overrules a challenge *made by the city* to the competency of a juror,

on the ground that he, though a resident of the city, *is not a tax-payer*, such ruling of the court is not error. Now, whether Armitage and Malone were competent to serve as jurors in this case or not, we do not think that the court below committed any material error in excluding them from the jury, as the case was tried by a competent and unexceptionable jury, and a jury made up from the regular list of jurors. (*The State v. Miller*, 29 Kas. 43; *Stout v. Hyatt*, 13 id. 232; *A. T. & S. F. Rld. Co. v. Franklin*, 23 id. 74.)

II. It is further claimed that "the court erred in refusing to instruct the jury as asked by the plaintiff in error, and was guilty of an abuse of discretion in giving the instructions which were given." We do not think that this claim of error is tenable. The court below gave substantially in the general charge all the instructions asked for by the defendant, plaintiff in error, except the second instruction, which reads as follows:

"It is frequently necessary to obstruct portions of the street where new buildings are being erected, and the city is not liable for damages resulting from such obstruction if the dangerous place is properly guarded and a sufficient portion of the street for ordinary purposes is left unobstructed."

This instruction we think is good law, but it does not have any application to this case; and it would have been misleading and erroneous if it had been given in this case. The sidewalk in the present case was not designed or intended as an obstruction to travel or otherwise, but it was intended for a sidewalk, and looking at it from the west end, where the plaintiff got upon it, it would seem that people were invited to walk upon it. Besides, the dangerous place with reference to this sidewalk, and the place where the injury in this case occurred, was not properly guarded, nor guarded at all. There were no guards or lights to prevent injury. We find nothing materially erroneous in the general charge, and we think it properly covered all matters which required any instructions to be given.

III. It is further claimed that "the court erred in admitting testimony over the objections of the plaintiff in error,

showing the condition of the street and sidewalk after the accident is alleged to have occurred." Of course the condition of the street and sidewalk at any time after the injury occurred is not material in this case; but some of the evidence showing their condition immediately afterward was proper evidence to show what their condition was at the exact time of the injury. It may be possible that the court in some instances permitted too great latitude in the introduction of evidence showing what their condition was afterward; but even if the court committed error in this respect, still the error was immaterial; for there was no claim or even pretense that the plaintiff could recover damages for any negligence on the part of the city or any of its officers, or for any acts or omissions on the part of the city or any of its officers, occurring after the injury. We might also further say that it was necessary in this case for the court to permit some latitude in the introduction of testimony upon this subject, for the reason that the trial occurred a long time after the injury, and the witnesses could not well remember the exact dates.

IV. We do not think that it is necessary to comment in detail upon any of the other alleged errors. They are not tenable. We might mention the fact, however, that the defendant, in rebuttal, on the examination of one of its own witnesses, asked the following question: "What provision was made for getting around that obstruction — that sidewalk at the Third street crossing?" This question was objected to by the plaintiff, and the court sustained the objection, and in doing so used the following language:

"The objection is sustained, unless you bring notice home to this plaintiff as to the condition of this sidewalk, and that she could see around it."

It had already been shown that she at that time was unacquainted with the condition of the sidewalk and the streets, and that it was dark, and that she did not know of and could not see the path leading around the sidewalk. We might further say, that the allegations of the petition are amply sufficient to authorize the plaintiff to introduce evidence tending

to show that the plaintiff before commencing this action had presented her claim to the city council, in writing, with a full account of the items thereof, "verified by the oath of the claimant," within the meaning of § 69 of the act relating to cities of the second class. (Comp. Laws of 1879, ch. 19, § 69.)

We do not think that the court below committed any material error in the case, and therefore its judgment will be affirmed.

All the Justices concurring.