THE CITY OF ENTERPRISE v. JAMES FOWLER.

CLAIM — *Compliance with Statute* — *Presumption.*  When the evidence
shows that a claim against a city of the third class has been presented,
referred to a committee of the council, and a report made by such
committee of the allowance of a part thereof, it will be presumed
that the claim was in writing, and that the provisions of § 48, chapter
19a, Compiled Laws of 1885, have been complied with.

*Error from Dickinson District Court.*

THE opinion states the case.

*Stambaugh & Hurd,* for plaintiff in error.
*J. H. Mahan,* for defendant in error.

Opinion by SIMPSON, C. : The error complained of is the
rendition of a judgment against the city for the costs of this
action, amounting to $213.    An action was instituted by the
defendant in error against the city of Enterprise, a city of
the third class, to recover for his services as surveyor and civil
engineer, in establishing a system of grades for streets, build-
ings and other purposes.    The case was tried by a jury, at the
January term, 1885, of the district court of Dickinson county,
and a verdict was returned and a judgment rendered against
the city for $18 and costs.    It is now insisted that the judg-
ment for costs was erroneous because it was not shown that the
claim had been presented to the city council "in writing,
with a full account of the items, and verified by the oath of
the claimant or his agent that the same is correct, reasonable
and just," as is required by § 48 of chapter 19a, Comp. Laws
of 1885.

There is an allegation in the bill of particulars filed by the
defendant in error, that "he did personally present to the com-
mon council of said city, defendant, at one of its regular ses-
sions, a statement or demand of his claim, in the sum of $100,
which said council refused to allow and pay."    At the trial
the defendant in error produced and had read from the record

of the proceedings of the mayor and councilmen of said city of Enterprise, had on the 8th day of September, 1880, the following:

"Committee on claims report that the bill of James Fowler, county surveyor, be not allowed. Moved that the report of the committee be tabled. Ayes: Hoffman, Upshon, Dees, Wright, (4;) absent, 1."

And the following entry on the 5th day of October, 1880:

"On motion, the claim of James Fowler, surveyor, taken up. On motion of C. Hoffman, a claim of $10 be allowed. Ayes: Dees, Wright, Upshon, and Hoffman, (4;) absent, 1."

The defendant in error testified: "I presented a bill for $100; they refused to pay the bill, and offered me $10. I do not know whether it was a regular meeting or not."

To all this evidence there were objections noted, and there was also an objection to the introduction of any evidence, because the bill of particulars did not state facts sufficient to constitute a cause of action, because, we suppose, it was not specifically alleged that the claim was presented in writing. This is too technical; there was an allegation in the pleading that justified the introduction of the evidence. (*City of Atchison v. King*, 9 Kas. 560; *City of Abilene v. Hendricks*, 36 id. 196.) And it sufficiently appears that the claim was in writing. It was presented; referred to a committee; reported back from the committee; and then called up and acted upon. The irresistible inference from these recitations in the record is, that the claim was presented in writing. The city council voted to pay a part of the demand, and the defendant in error refused to accept it, brought his suit, and recovered a greater amount than the city offered to pay. In the absence of any showing to the contrary, the presumption is that the claim was presented as is required by the statute. The plaintiff in error, whose city clerk was the custodian of its records and of the claim presented to the council, could easily have shown that the claim was not in writing if such was the fact. It is true that the burden was on the defendant in error to show that he had duly presented his claim to the city council. We think

he did so as against all merely technical objections.  He had made a *prima facie* case that could be overcome only by a positive showing that the claim was not presented in the exact form required.  We think substantial justice has been done, and recommend the affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.