JAMES KING AND NINA KING v. THE CITY OF KAN-
SAS CITY.

No. 10053.

1. CITIES — *not liable ordinarily for injuries to property attributable to sewerage plan devised in good faith.* In devising a plan of sewerage the municipal authorities of a city are vested with a large legislative discretion, and if it is exercised in good faith, the city is ordinarily not liable for incidental injuries to property which are solely attributable to the plan.

2. —————— *but liable for injuries from negligently carrying out plan or constructing or maintaining sewers.* In such cases, however, if, through any negligence in carrying out the plan or in constructing or maintaining the sewers, the property of a private owner is injured, a liability will arise.

3. —————— *liable for trespass in collecting and precipitating water or sewage on private land, regardless of plan.* The collection and precipitation of water or sewage upon the private property of an owner, in such a way as to constitute a direct invasion of the owner's rights and in the nature of a trespass upon his property, will create a liability against the city, regardless of the plan upon which the sewer is constructed.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed June 5, 1897. *Reversed.*

This action was brought by James King and Nina King against the City of Kansas City to recover damages in the sum of $3,171 alleged to have been sustained by the discharge of sewage upon their property in that city. It is alleged that, in 1889, the City constructed sewers through the part of the city in which the plaintiffs' land is situated. Among other things, the petition alleges:

"In the construction and maintenance of the said sewers by said City, defendant was negligent, careless and unskillful, and damaged the plaintiffs in this, to wit: That the said sewers were so constructed that, when the Kansas River into which they emptied was swollen on account of the spring rain, the water in the said river in its rise would reach a point higher than the head of the sewers or the various openings into the said sewers; and the said defendant City was further negligent and careless in this, to wit: That they failed to provide for the said sewers suitable flood-gates, or flood-gates of any kind, with which the mouths of the sewers could be closed during the rise in the said Kansas River; that by reason of the construction of the said sewers as aforesaid and by failing to provide flood-gates as before stated, the water of the said river flowed backwards through the said sewers along in the spring of 1892, or on or about the —— day of May in said year, and flooded the district in which the plaintiffs' property was located as hereinbefore stated, to the depth of from one to three feet, and that the same continued so to be flooded from said cause hereinbefore mentioned for a period of from fifteen to twenty days; that there was higher ground between the property of the plaintiffs and the river than the ground upon which the plaintiffs' house was located, which said ground was high enough to protect, and would have protected, the property of the plaintiffs from the rise in the river had it not been for the construction of the said sewers through and upon the said high ground, thereby creating a water-way through

which, and only through which, the plaintiffs' property could have been flooded."

A particular description of the property injured is set out, with a detailed statement of the damages sustained ; and there is an averment that an account or claim had been presented to the City, and that the same had been disallowed.   An answer was filed, denying the averments of the petition, and alleging that the loss sustained was the result of the plaintiffs' own negligence.   At the opening of the trial, counsel for the plaintiffs stated the facts in the case in greater detail and particularity than they were set forth in the petition ; and, at the end of the statement, the court gave judgment for the defendant, on the ground that the petition and the statement of counsel, together, did not show a cause of action against the defendant. Of this ruling the plaintiffs complain.

*N. B. Carskadon*, for plaintiffs in error.

*T. A. Pollock*, City Attorney, and *K. P. Snyder*, City Counselor, for defendant in error.

JOHNSTON, J.   We think the City is answerable to the plaintiffs for the damages resulting from the precipitation of the sewage and river water upon their premises.   Although their buildings were erected upon low ground, the rim of the high land along the river effectually confined the water therein, and protected the plaintiffs' property from the overflow of the river in rainy seasons and when freshets occurred.   It seems that there is but little fall in the land toward the river in that portion of the City, and that the sewers are so constructed that in case of high water the sewage and river water flow back, and are forced out of the openings near the plaintiffs' premises, inundating them to a depth of from one to three feet.   From the

statement of counsel, which the court considered, it appears that the mouths of the sewers where they empty into the river are above the water in its ordinary stages; but that when the river rises, as it frequently does, to a depth of from ten to twenty feet above low-water mark, the water is higher than the heads of the sewers, and as a consequence is forced back, and floods the surrounding district.

The contention is that, the municipal authorities having in good faith adopted a plan of sewerage and constructed it out of good materials in a skillful manner, no liability can arise against the City.    In inaugurating a sewerage system and in devising plans for the construction of the same, the city is vested with a large legislative discretion, and if, in good faith, it 1. Cities not liable, is exercised, the city is ordinarily not for what. liable for incidental injuries to property owners which are solely attributable to the plan.    In such cases, however, if, through any negligence in carrying out the plans or in constructing or maintaining the sewers, the property of a private owner is injured, a liability will arise.    According to the averments of the plaintiffs the sewers were not properly constructed or completed.    It was manifest to those who selected the plans as well as to every one else that a rise in the river, which it appears was of frequent occurrence, would set the water back and inundate the property at the sources of the sewers.    To properly complete them, flood-gates over the mouths of the sewers were necessary; and this provision, it is averred, would have prevented the water from flowing back until the flood had subsided.    This necessary and simple contrivance would have prevented the injury, and the failure to provide the same was negligence which renders the City liable for resulting injury.

Another reason why the City should be held liable

is, that the inevitable result of the construction of the sewers was the injury of plaintiffs' property. The building of the sewers was more than an incidental injury; it was a direct invasion of their rights, and in the nature of a trespass upon their property. Before the construction, the high land was a complete barrier against the high water, while the openings made therein for the sewers necessarily precipitated the water, sewage and filth upon them whenever the river was swollen. The high water in the river cannot be regarded as extraordinary or unprecedented, because it is stated that it was frequently in that condition, and it is averred in the petition that it occurred when the river was swollen by the spring rains. It therefore appears that the rises in the river recur with the regularity of the seasons, and hence must have been anticipated by all who give any attention to the plan; and the natural consequence must have been within the knowledge of the municipal authorities. The City cannot without liability collect sewage and filth and precipitate it upon the property of a citizen, even if the plan is devised in good faith and the best material is used in the construction. It is immaterial from which end of the sewer the discharge is made; the consequence and liability are necessarily the same. " Courts of the highest respectability have held that if the sewer, *whatever its plan*, is so constructed by the municipal authorities as to *cause a positive and direct invasion* of the plaintiff's private property, as by collecting and throwing upon it to his damage water or sewage which would not otherwise have flowed or found its way there, the corporation is liable." 2 Dillon on Municipal Corporations (4th ed.), § 1047. See, also, *Ashley v. Port Huron*, 35 Mich. 296; *Tate v. St. Paul*, 56 Minn. 527; *Seifert v. City of Brooklyn*, 101 N. Y. 136; *Tehn v. San Fran-*

*2, 3. Cities liable for trespass in negligently carrying out plans.*

*cisco,* 66 Cal. 76 ; *North Vernon v. Vogler,* 89 Ind. 77 ; *Orange v. Field,* 37 N. J. Eq. 600.

Upon the facts stated, a right of action is shown to exist in the plaintiffs, and therefore the judgment of the District Court will be reversed and the cause remanded for a new trial.