THE CITY OF FORT SCOTT v. WILLIAM ELLIOTT.
No. 13,355. (74 Pac. 609.)

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed December 12, 1903. Modified and affirmed.

*A. L. H. Street*, for plaintiff in error.
*J. I. Sheppard* and *Arthur Fuller*, for defendant in error.

*Per Curiam:* This action was brought by William Elliott against the city of Fort Scott to recover damages for personal injuries alleged to have been sustained by falling into an excavation negligently permitted to exist in one of the public streets of the city. From a judgment against it the city prosecutes error.

An objection was sustained by the court to the reading of an affidavit as the deposition of an absent witness, on the ground that the matter contained in the affidavit was hearsay. In this we think the court committed no error. A small portion of the matter contained in the affidavit was admissible, but the larger and more material portion was hearsay, and there was no offer by defendant to omit that part which was objectionable.

Error is also predicated upon an instruction to the effect that it was admitted by the pleadings that the defendant was a city of the first class. This was not prejudicial to the defendant. The trial court, as well as this, takes judicial notice that the city of Fort Scott is a city of the first class.

It is also contended that it was error to render judgment

against the city for costs because it was not alleged in the petition, nor proved at the trial, that before commencing this action plaintiff presented his claim to the city council to be audited. The record seems to sustain this contention. Defendant asked for judgment for costs, notwithstanding the general verdict for plaintiff, which was denied. In this the court erred.

Section 860, General Statutes of 1901, provides:

"No costs shall be recovered against such city in any action brought against it for any unliquidated claim which has not been presented to the city council to be audited. . . ."

In the *City of Atchison v. King*, 9 Kan. 550, this court held:

" There can be no recovery for costs unless the claim has been presented to the city council for its action."

This cause is remanded, with instructions to modify the judgment in accordance with this opinion. With this modification, the judgment is affirmed. The costs of the proceedings in this court are to be divided equally.