No. 19,101.

J. F. BEARD, *Appellee,* v. THE CITY OF KANSAS CITY, KANSAS, *Appellant.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. CITIES—*Action for Damages—No Claim Presented—No Costs Recoverable.* No judgment for costs can be rendered against a city of the first class in any action brought against it for damages, unless the claim therefor is presented in writing as required by section 1053 of the General Statutes of 1909.

2. SAME—*Damages Limited to Injuries Sustained within Period of Four Months.* In an action against a city of the first class having a com-

mission form of government, the plaintiff is limited to the injury sustained during the four months preceding the filing of the written statement required by section 1218 of the General Statutes of 1909; and the evidence as to the injury sustained should be confined to that period of time.

3. SAME—*Damage for Overflowing Premises—Statute of Limitations.* Where a city improves a street and causes water from heavy rainfall to overflow adjacent premises the owner of the premises may maintain an action for damages caused by the overflow, but such an action must be brought within two years after such overflow or it will be barred by subdivision 3 of section 17 of the code of civil procedure.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion on rehearing filed July 10, 1915. Reversed. (Original opinion of reversal filed January 9, 1915, not reported.)

*Richard J. Higgins,* city attorney, and *W. H. McCamish,* assistant city attorney, for the appellant.

*J. E. McFadden,* and *O. Q. Claflin,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover damages for injury to real property caused by the improvement of a street in Kansas City, Kan. The plaintiff recovered judgment for $200 and costs. The defendant appeals.

In 1901, Kansas City, Kan., graded Ninth street and bridged Jersey creek, both adjacent to the plaintiff's property. This improvement caused the water to overflow this property during heavy rains. On July 2, 1910, the plaintiff filed with the city clerk a written statement setting out the damage sustained by him on account of the improvement of Ninth street and the building of the bridge, stating that on the eighth day of June, 1910, large bodies of water were thrown over and onto the plaintiff's premises; that the underpinning was washed from under his house and the house and property rendered uninhabitable and valueless; and that he had been injured and damaged in the sum of $2200. No written claim against the city was filed, as is required by section 1053 of the General Statutes of 1909. Evidence was introduced to prove damages sustained by the plaintiff during the entire two years prior to October 20, 1910, the day this action was commenced.

(1)   Was it proper to render judgment against the defendant for the costs in this action?   Section 1053 of the General Statutes of 1909 reads:

"All claims against the city must be presented in writing, with a full account of the items, and verified by oath of the claimant or his agent that the same is correct, reasonable, and just, and no claim or demand shall be audited or allowed unless presented and verified as provided in this section: *Provided,* No costs shall be recovered against such city in any action brought against it for any unliquidated claim which has not been presented to the city council to be audited, nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest due: *And provided further,* That no action shall be maintained against such city in exercising or failure to exercise any corporate power or authority in any case where such action would not lie against a private individual under like circumstances."

No attempt was made to comply with this statute, and for that reason no judgment could properly be rendered against the city for costs.   (*City of Atchison v. King,* 9 Kan. 550; *Fort Scott v. Elliott,* 68 Kan. 805, 74 Pac. 609.)

(2)   In the introduction of evidence no attempt was made to confine the evidence to injuries sustained during the period of four months previous to filing the statement with the city clerk.   Section 1218 of the General Statutes of 1909 reads:

"No action shall be maintained by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, and the circumstances relating thereto."

In the instructions to the jury the court said nothing about the plaintiff being limited to his right to recover for damages sustained during that period.   The defendant requested this instruction:

"If you find from the evidence that defendant is guilty of negligence as hereinbefore defined, and that the plaintiff is entitled to recover, he cannot recover for any damages which accrued to him more than two years prior to the commencement of this action, to-wit: October 25, 1910, and in no event can the plaintiff recover for any damages to his property for which he has not first given the defendant written notice within four months after the damages occurred."

If section 1218 of the General Statutes of 1909 is to be given force and effect its provisions should have been observed in the trial of this case, and an instruction embodying those provisions should have been given to the jury.

(3)  An action of this character comes within the provisions of subdivision 3 of section 17 of the code of civil procedure, and is therefore barred unless commenced within two years after the damage has been sustained.  In *Parker v. City of Atchison*, 58 Kan. 29, 48 Pac. 631, this court said:

"Where a permanent improvement is made by a city on the bank of a water course in such a way as to narrow the channel and wash and injure private property on the opposite bank, the city is liable for the injury; but an action therefor can only be brought within two years after the erection of such improvement."  (Syl. ¶ 4.)

(See, also, *McDaniel v. City of Cherryvale*, 91 Kan. 40, 136 Pac. 899.)

It follows that nothing can now be recovered for damages sustained on account of the improvement of the street or the erection of the bridge.

The defendant contends that under *Parker v. City of Atchison*, supra, and *McDaniel v. City of Cherryvale*, supra, the plaintiff can not recover for damages sustained by reason of his premises being overflowed at any time during the four months covered by the notice.  In *Parker v. City of Atchison* it was assumed that the improvements made injured the complaining parties' property, and on that assumption it was held that the right to recover for the damage sustained was barred.  In *McDaniel v. City of Cherryvale*, the complaint was that the defendants had by their improvements polluted the water of a stream flowing through the plaintiff's land.  The opinions in those cases are based on the fact, assumed in one case and proved in the other, that the improvements made in and of themselves damaged the party complaining.  In the present case the improvements do no damage.  The damage is caused by overflowing water.  Until that comes there is no damage.  The plaintiff in this case is seeking to recover for the damage caused by overflowing water on at least one specific occasion.  Such an action can be maintained.  (*Union Trust Company v. Cuppy*, 26 Kan. 754, 765; *King v. City of Kansas City*, 58 Kan. 334, 49 Pac. 88; *Kansas City v. King*, 65 Kan. 64, 68 Pac. 1093; *Manufacturing Co. v. Bridge Co.*, 81 Kan. 616, 627, 106 Pac. 1034; *Kansas City v. Frohwerk*, 10 Kan. App. 116, 62 Pac. 252; *Smith v. The City of Atlanta*, 75 Ga. 110; *Peck v. The City of Michigan City*, 149 Ind. 670, 682, 683, 49 N. E. 800; Note, 5 L. R. A., n. s., 379-383; 23 Cyc. 449, 1186;

25 Cyc. 1137, 1138, 1146.)   This action is not barred until two years after the time of the specific injury.

The plaintiff must be limited in his recovery to those damages sustained by reason of overflowing water within the period of four months prior to filing his written statement with the city clerk.   The judgment is reversed and a new trial is directed.