No. 20,608.

JAMES WHITE, *Appellee* and *Appellant*, v. THE CITY OF BON-
NER SPRINGS, *Appellant* and *Appellee*.

### SYLLABUS BY THE COURT.

1. PETITION—*Amendment During Trial—Evidence Rendered Competent.*
During the trial leave was given to amend the petition to show that no
administrator had been appointed, and this rendered competent certain
evidence objected to.

2. WRONGFUL DEATH—*Residence of Plaintiff—Evidence.* Under all the
circumstances the county of the plaintiff's residence was sufficiently
shown.

3. CITY—*Negligence—Defective Street—Contributory Negligence—Evi-
dence.* The testimony as to contributory negligence, the location of the
injury, the condition of the street and the cause of death was sufficient
to go to the jury and to warrant the verdict.

4. CITIES—*Unliquidated Damages—Presentation of Claim—Costs.* In an
action for unliquidated damages against a city of the third class, costs
can not be recovered unless previously presented as provided by sec-
tion 1559 of the General Statutes of 1909, and unless the petition
contains an averment of such presentation.

Appeal from Wyandotte district court, division No. 3; HUGH
J. SMITH, judge. Opinion filed November 11, 1916. Modified
and affirmed.

*J. K. Cubbison,* of Kansas City, for the plaintiff.

*E. L. Eaton,* of Bonner Springs, for the defendant.

The opinion of the court was delivered by

WEST, J.: The plaintiff recovered against the city a judg-
ment for damages for the death of his wife resulting from an
injury caused by a defective street. The city appeals and
complains of various rulings touching the petition and the
evidence thereunder. There was a failure to state that the
deceased, at the time of her death, was a nonresident, or that
no personal representative had been appointed, but this was
corrected by amendment which appears to have caused no
material injury to the defendant. This made competent the
testimony of the probate judge that no administrator had been
appointed.

It is contended that a statement that the plaintiff lived two miles southwest of Bonner Springs had the effect of taking the residence beyond the boundaries of Wyandotte county. But consulting the map, as we have a right to do, we take notice therefrom that this location would be in Wyandotte county, taking the original townsite as a point of departure. It is not to be presumed that the witness spoke with scientific accuracy, and two miles in a southwesterly direction from a large portion of the city of Bonner Springs as it existed at the time of the trial would be in Leavenworth county. The point does not seem to have been pressed upon the attention of the trial court, and in view of the permission to amend, and the evidence touching the appointment of an administrator in Wyandotte county, the proof must be held sufficient on the question of venue.

Some fault is found with the proof touching the location of the injury and the condition of the street, but the testimony was such that the jury were warranted in the conclusion reached in respect to these matters. The same must be said touching the question of contributory negligence.

It is insisted that the testimony failed to show that the death of the plaintiff's wife was the result of the injury, but the testimony on this point, while not as clear and strong as in some cases, was sufficient to take the matter to the jury.

Finding no material error so far as the defendant is concerned the principal judgment is affirmed.

Plaintiff appeals from an order of the trial court assessing the costs to him, and contends that a written claim for damages was properly served by leaving it at the office of the city clerk. The petition contained no allegation touching this matter, and the proof was silent thereon, but upon a motion to retax the costs showing was made as indicated.

Section 1559 of the General Statutes of 1909 provides, among other things, that—

"No costs shall ever be recovered against such city in any action brought against it for any unliquidated claim which has not been presented to the city council to be audited, nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest accrued thereon."

It was held under a similar statute in *City of Atchison v. King,* 9 Kan. 550, that costs could not be recovered unless the

claim had been presented to the city council for its action, "and where there is no averment in the petition of such presentation, the plaintiff will not be allowed to prove that fact." (Syl. ¶ 10.)    In the opinion it was said:

"It is a general rule that the proof must be justified by the allegations of the pleadings.   We do not see any reason why this is an exceptional case; nor are we referred to any authorities. . . .   Generally, averments and testimony that will authorize a recovery of damages will authorize a recovery of costs; but where other facts are necessary to carry costs such facts must be alleged as well as proven.   Whether defendant was liable for costs was an issuable fact which the city had a right to contest, and was entitled to notice that such fact would be relied on; and the only appropriate place for such a notice was in the petition. Without such an averment the evidence was improperly admitted.   The language of the section referred to is that no costs shall be recovered against such city, etc., unless the claim has been presented to the city council.   Under this law, and under the facts as presented, there can be no costs recovered by the plaintiff against the city; and as there is no provision that the city shall recover costs in such cases, the judgment should be for the amount of the verdict for the plaintiff, and no judgment for costs in favor of either party; and the case is remanded, with directions to modify the judgment in accordance with this opinion." (p. 561.)

The foregoing decision was inferentially followed in *City of Abilene v. Hendricks*, 36 Kan. 196, 201, 13 Pac. 121, referred to and substantially followed in *City of Enterprise v. Fowler*, 38 Kan. 415, 416, 16 Pac. 703, and expressly followed in *Fort Scott v. Elliott*, 68 Kan. 805, 806, 74 Pac. 609.   Except as to cities of the first class under commission form of government . (Gen. Stat. 1909, § 1218), the statutes as to the cities of the three classes are substantially the same.   (Gen. Stat. 1909, §§ 1053, 1414, 1559.)   In *Beard v. Kansas City*, 96 Kan. 102, 150 Pac. 540, after citing the statute it was said:

"No attempt was made to comply with this statute, and for that reason no judgment could properly be rendered against the city for costs. (*City of Atchison v. King*, 9 Kan. 550; *Fort Scott v. Elliott*, 68 Kan. 805, 74 Pac. 609.)" (p. 104.)

The analogy suggested by counsel for plaintiff of the statutes concerning the recovery of costs in insurance cases is not sufficient to impair the rule thus settled by the authorities cited.

The judgment for costs therefore must be modified as indicated in *City of Atchison v. King*, supra.