HENRY GRAY & others *vs.* SAMUEL HARRIS.

A person building a dam across a stream subject to extraordinary freshets is bound to construct it to resist such freshets, although they occur only once in several years and at no regular intervals.

TORT for injuries to the plaintiffs' coal-yard by maintaining a mill-dam in an unsafe condition. Trial, and verdict for the defendant, in the superior court, before *Rockwell*, J., to whose rulings the plaintiffs alleged exceptions. The case is stated in the opinion.

*W. L. Smith*, for the plaintiffs.

*A. L. Soule*, for the defendant.

CHAPMAN, C. J. The degree of care which a party is bound to use in constructing a dam across a stream is well stated in Angell on Watercourses, § 336. It must be in proportion to the extent of the injury which will be likely to result to third persons provided it should prove insufficient. And it is not enough that the dam is sufficient to resist ordinary floods; for if the stream is occasionally subject to great freshets, those must likewise be guarded against, and the measure of care required in such cases must be that which a discreet person would use if the whole were his own. In *Mayor, &c. of New York* v. *Bailey*, 2 Denio, 433, it was held that the dam should be sufficient to resist, not

merely ordinary freshets, but such extraordinary floods as may be reasonably anticipated. See also *Lapham* v. *Curtis*, 5 Verm. 371. The case of *Shrewsbury* v. *Smith*, 12 Cush. 177, is not at variance with this principle. But it was not necessary to state its application to the case of an extraordinary flood.

This defendant's dam was built in 1858, and in a freshet which occurred October 4, 1869, it proved to be insufficient, and gave way, and injured the plaintiffs, as stated in their declaration. One of the witnesses represented it as "a big storm; could not say it was the biggest storm he ever knew; an extraordinary storm, such a storm as we do not often have; the same storm that cut the Boston and Albany Railroad at Wilbraham; at the time he was superintendent of streets in Springfield, he had seen storms which he thought damaged the streets more than this." In 1859 the water ran over the whole length of the dam. The dam was made of earth, was 210 feet long, and was not as high in 1869 as in 1859, and the engineer who built the dam testified that at a freshet in the winter of 1860 he was able to control the water at the dam, but thought he could not have done it if the dam had not been higher than in 1869. One witness testified to his impression that he had seen the water run over this dam two or three times since 1858, and another thought he had seen it run over once or twice. It is impossible for us to say judicially upon this evidence that this was so great a freshet that the defendant was not bound to anticipate and provide against it.

It appears that during the freshet some provision was made to protect the dam by opening gates, but it was insufficient to prevent breaches, and the water poured through the breaches into the plaintiffs' coal-yard. Whether the defendant did all that he reasonably should have done is a question for the jury.

The court directed a verdict for the defendant on the ground that this was an extraordinary storm; more extraordinary than the storms that occur in spring and fall freshets; and spoke of it as a notoriously great freshet. But the rule above stated required the defendant to provide against still more extraordinary storms than occur in usual spring and fall freshets; such freshets as are known to occur only once in several years and at no regular inter-

vals. This dam had been standing about eleven years; and was probably designed to stand several years longer; and the evidence tends to show that there have been one or two floods, since it was built, which the jury would be authorized to find were quite similar to this one, at this stream. We cannot therefore say judicially that this flood should not have been anticipated and provided against. That question should have been left to the jury.

*Exceptions sustained.*