# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY

*v.*

THOMAS T. RAMEY.

*Filed at Mt. Vernon November 4, 1891.*

1. RAILROAD COMPANY—*constructing embankment near water-course—duty to provide for ordinary and extraordinary floods.* It is the duty of a railway company to so construct and maintain embankments bordering upon a water-course, for its tracks, as not only to admit the flow of water in the stream in ordinary floods, but so as not to flood the lands above in extraordinary rains, such as may be anticipated by prudent persons.

2. Although a rainfall may be more than ordinary, yet if it be such as has occasionally occurred, and, it may be, at irregular intervals, it is to be foreseen that it may occur again, it is the duty of those changing or restraining the flow of water to provide against the consequences that will result from it.

3. In an action against a railway company to recover damages for the obstruction of the flow of water by an embankment, and thereby overflowing upper lands, the question will not be whether the defendant has sufficiently provided for the escape of the water of ordinary floods, but, has it provided for the escape of the waters of such unusual or extraordinary floods as it should have anticipated would occur in the

future, because they had occasionally occurred at intervals, though of irregular duration, in the past.

4. Practice—*submitting to jury an immaterial interrogatory—failure to answer.* In an action against a railway company for negligence in constructing an embankment for a track over bottom land bordering a water-course, whereby water that would have flowed away was backed and thrown over plaintiff's land and his crops injured, the court, at the defendant's request, submitted to the jury the question whether the plaintiff's damage complained of was the direct result of an extraordinary rainfall on a day named, which the jury neglected to answer, and the court refused to require the jury to answer the same: *Held,* no error, as the question submitted was immaterial.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Pollard & Werner, for the appellant:

The action of the court amounts to a refusal to submit the special interrogatory to the jury. 3 Starr & Curtis, p. 435, sec. 2; *Wyandotte* v. *Gibson,* 25 Kan. 236.

The failure of the jury to answer the interrogatory is equivalent to an answer that they were "unable to agree," which leaves the verdict so incomplete as to require the jury to be discharged. *Railroad Co.* v. *Reynolds,* 8 Kan. 623.

Even where answers are made, but are not full or responsive or clear, upon proper objection the court is bound to require the jury to properly answer the interrogatory. *Noble* v. *Enos,* 19 Ind. 72; *Nockes* v. *Morey,* 30 id. 103; *McElfresh* v. *Guard,* 32 id. 408; *Sage* v. *Brown* 34 id. 464; *Reeves* v. *Plough,* 41 id. 204.

If the question be a proper one, and has been submitted, and the statute render it obligatory upon the court to submit the question to the jury when requested, the court can not withdraw it for any reason. *Coal Co.* v. *Raney,* 34 Ind. 329; *Summers* v. *Greathouse,* 87 id. 205; *Duesterberg* v. *State,* 116 id. 144. See, also, *Railroad Co.* v. *Bethel,* 11 Bradw. 17; *Railway Co.* v. *Gilleland,* 56 Pa. St. 445.

Mr. James M. Hay, for the appellee:

If the jury had answered the interrogatory in the affirmative, it. would not have affected the general verdict, for two reasons: First, because that would not disprove the fact that appellant had absolutely closed up the natural outlet for the escape of the water falling in greater or less quantities; and second, because the loss or damage to appellee's crops was the result of the extraordinary rainfall of June 16, 1888, but not without the damming and closing up the means of escape.

The provision of the statute necessarily implies that the fact to be submitted shall be one which, if found, will in its nature. be controlling.   A fact which merely tends to prove a fact in issue, without actually proving it, can not be said to be, in any legal sense, inconsistent with the general verdict, whatever that may be. *Railroad Co.* v. *Dunleavy*, 129 Ill. 132.

In building bridges and culverts, railway companies are bound to anticipate and provide against "not only the natural rise and fall of the waters during the year, but also the floods and freshets which occur at longer periods or intervals, and which, from having been known to occur, might reasonably be expected to occur again." *Bochhardt* v. *Boom Co.* 54 Wis. 107; *Gray* v. *Harris,* 107 Mass. 492; *Railroad Co.* v. *Carr,* 38 Ohio St. 448.

Mr. Justice Scholfield delivered the opinion of the Court:

This is an action for negligence in constructing and maintaining an embankment for a railroad track over the bottom lands bordering a water-course, whereby water that would otherwise have flowed away was backed and thrown upon lands possessed by the plaintiff, and his crops growing thereon were damaged.   The defendant pleaded not guilty, and upon the trial endeavored to prove that the backing of the water upon the lands possessed by the plaintiff and doing the injury complained of was caused by an extraordinary rainfall.

At the request of the defendant the court submitted the following interrogatory to the jury, namely : "Was the plaintiff's damage which is complained of, the direct result of an extraordinary rainfall on June 16, 1888 ?" The jury returned a verdict in favor of the plaintiff, but neglected to return any answer to the interrogatory. The defendant then moved the court to require the jury to again retire to their room and agree upon an answer to the interrogatory, and return it into court with their verdict; but the court overruled the motion and gave judgment upon the verdict, and this ruling presents the only question for our determination upon this record.

We think the question, as submitted, was immaterial. Language may, indeed, be found seeming to hold otherwise in *McCoy* v. *Danley*, 20 Pa. St. 89, and *Pittsburg, Ft. Wayne and Chicago Ry. Co.* v. *Gilleland*, 56 id. 445 ; but we think the rule is more accurately stated in *Gray* v. *Harris*, 107 Mass. 492, and *Mayor of New York* v. *Bailey*, 2 Denio, 433. In the former case, which was an action for injuries to plaintiff's coal yard by maintaining a mill dam in an unsafe condition, it was, among other things, said : "And it is not enough that the dam is sufficient to resist ordinary floods, for if the stream is occasionally subject to great freshets, those must likewise be guarded against, and the measure of care required in such cases must be that which a discreet person would use if the whole were his own. In *Mayor of New York* v. *Bailey*, 2 Denio, 433, it was held that the dam should be sufficient to resist not merely ordinary freshets, but such extraordinary floods as may be reasonably anticipated." So in *Nichols* v. *Morsland*, 2 L. R. (Exch. Div.) 1, where the action was for permitting water to escape from artificial lakes upon the defendant's land, and to thereby destroy certain bridges, and the defense was that the injury was caused by the act of God, it was said : "However great the flood had been, if it had not been greater than floods that had happened before and might be expected to occur again, the defendant might not have

made out that she was free from fault; but we think she ought not to be held liable because she did not prevent the effect of an extraordinary act of nature which she could not anticipate." This is quoted with approval in *N. P. and O. C. M. Co.* v. *L. and St. L. D. Co.* 9 L. R. (Ch. Div.) 516, and it is observed in the latter case, that "to say that a thing could not reasonably have been anticipated, is to say that it is the act of God."

The principle, clearly, is, that although a rainfall may be more than ordinary, yet if it be such as has occasionally occurred, and, it may be, at irregular intervals, it is to be foreseen that it will occur again, and it is the duty of those changing or restraining the flow of water to provide against the consequences that will result from it. It is within the knowledge of all who have long resided in this State, that our streams are occasionally subject, after intervals which are sometimes of shorter and at other times of longer duration, to great floods, occasioned by very heavy rainfalls, and their heights are known by those who have felt interested in them. Such rainfalls were not usual and ordinary, but they were unusual and beyond ordinary,—*i. e.,* they were extraordinary; and yet it is just as certain that like rainfalls will occur in the future as it is that the same laws of nature by which they are produced, and the same conditions to be affected by those laws, will continue to exist in the future as they have in the past. Though of rare occurrence, such rainfalls are not phenomenal, and therefore beyond reasonable anticipation, and it is hence but the prudence that a discreet man would exercise in his own affairs to provide against injury from them. The question, then, is not whether appellant has sufficiently provided for the escape of the water of ordinary floods, but, has it provided for the escape of the water of such unusual or extraordinary floods as it should have anticipated would occasionally occur in the future, because they had occasionally occurred after intervals, though of irregular duration, in the past. The

question, as submitted, omitted the very material qualification that the rainfall was so great or extraordinary that it could not have been reasonably anticipated, and without this it was inconsequential.

The judgment is affirmed.

*Judgment affirmed.*