70h 495
57ad241

GEORGE N. COTTRELL, as Supervisor of the Town of Poestenkill, Respondent, *v.* THE MARSHALL INFIRMARY in the City of Troy, N. Y., Appellant.

*Negligence — giving way of a dam — charge of the court.*

In an action brought to recover the damages resulting from the giving way of a dam alleged to have been occasioned through the defendant's negligence, there was evidence tending to show that such negligence existed on its part, but not so decisive as to require the trial judge to withdraw the case from the jury, which was charged by the court to the effect that the dam should have been constructed in such a manner as to resist such extraordinary floods as might have been reasonably expected, occasionally, to occur, but that if the damage was caused by a phenomenal flood that no one could expect, the defendant was not liable therefor.

*Held,* that the charge in this respect was proper.

APPEAL by the defendant, the Marshall Infirmary in the city of Troy, N. Y., from a judgment of the Supreme Court, entered in the clerk's office of the county of Rensselaer on the 4th day of March, 1892, and also from an order entered in said clerk's office, denying a motion for a new trial made upon the minutes of the court.

The action was brought to recover the damages alleged to have resulted to the plaintiff from the negligence and wrongdoing of the defendant, who owned and controlled certain land in the town of Grafton, upon which it constructed a dam for the purpose of retaining in a reservoir the waters of Poestenkill creek.

The complaint alleges that the dam was carelessly and negligently constructed, and was carelessly and negligently kept and maintained, and that by reason of insufficient and improper construction, control and maintenance on the part of the defendant, the dam gave way and a large accumulation of water held by the dam was precipitated violently upon the land below and injured certain highways, culverts and bridges of the town of Poestenkill, of which the plaintiff was supervisor.

*Matthew Hale,* for the appellant.

*Charles E. Patterson,* for the respondent.

PUTNAM, J.:

The position of the learned counsel for defendant, that negligence must be shown in order to make the defendant as owner of the dam

liable, is undoubtedly correct. (*Losee* v. *Buchanan*, 51 N. Y. 487, and cases cited.)

But we think there was testimony in the case which rendered the submission of the question of defendant's negligence to the jury proper.

There was no waste weir to the dam or flagging over the dirt filling between its walls. The expert witness, Rickets, testified : " It is not the proper and safe construction of a dam to build it without a waste weir." Also, " I don't think you could speak with ' safety ' in connection with such a dam; I don't think there is any such term to be used." The witness Baerman, called by defendant, testified as to the dam, " it was a good construction of its kind." " Q. Do you consider that it was safe to build such a dam as that without building a waste weir ? A. I would not build one, but there are other circumstances which might modify somebody else's opinion." There was other evidence in the case indicating an improper construction of the dam and hence negligence on the part of the defendant, which it is unnecessary to recapitulate. On the part of defendant much testimony was produced tending to show proper construction of the dam. We do not think, however, that such testimony was so overwhelming as to compel the trial judge to withdraw from the jury the question as to the construction of the dam.

The trial judge in his charge in stating the degree of care a party should use in constructing such a dam quoted from "Angell on Water Courses " as follows : " It must be in proportion to the extent of the injury which will be likely to result to third persons, provided it should prove insufficient. And it is not enough that the dam is sufficient to resist ordinary floods, for if the stream is occasionally subject to great freshets, those must likewise be guarded against, and the measure of care required in such cases must be that which a discreet person would use if the whole (risk) were his own." He also charged as follows : " The duty of the defendant was to so build it in the first instance that it would resist all the water that it was constructed to store in the first place. It must resist the pressure of all the water that could be got in it, relieved as it was or was intended to be by this bulkhead and this flume. If it failed to do that it was improperly constructed in law. It must resist all the storms and all the water that would flow into it by the storms com-

mon to the locality ; and not only that, but all the water that would flow into it by extraordinary storms such as do sometimes occur and are likely to occur, although at irregular intervals in this vicinity. Was it so constructed ?   That question is for you.   *   *   *   It does not follow that the defendant was bound to guard against a very unusual storm that had never occurred but once before in the history of this vicinity, and that long years ago.   The law does not exact any such thing as that of a party.   Although a thing extraordinary in character, of a phenomenal type has once occurred, it does not follow it is to be anticipated that it will occur again, and the law does not require anybody to guard against anything that is so phenomenal that it has only occurred once in the history of mankind. It is only such things as experience teaches are likely sometimes to occur that men must foresee and guard against.   I must submit to you, and I do submit to you, the question whether this was not an extraordinary, a very extraordinary storm, one that had never occurred before in this vicinity."

We are unable to discover any error in the charge of the learned trial judge.   (Angell on Water Courses, § 336 ; *The Mayor, etc., of New York* v. *Bailey,* 2 Denio, 433, 440, 441 ; *Gray* v. *Harris,* 107 Mass. 492.)

In *The Mayor, etc., of New York* v. *Bailey* (*supra*), it is held that " the dam should, therefore, have been constructed in such a manner as to resist such extraordinary floods as might have been reasonably expected occasionally to occur."   The trial judge in this case so charged, at the same time instructing the jury that if damage was caused by a phenomenal flood that no one could expect, defendant was not liable.

We think there was evidence justifying the submission of the case to the jury, indicating that the freshet which caused the dam to give way was one of the extraordinary floods which might be occasionally expected to occur, and not a phenomenal one, which no one could expect ever to occur.

The witnesses Hull, Dustin and Goyer testified to other occasions when water was as high as when the dam gave way.   It also appears that in 1869 there was a larger rainfall than that which occurred at the time in question.   The testimony justified the submission of the question to the jury, whether the flood which caused the dam to

give away was a phenomenal one, such as defendant was not compelled to guard against, or one of the extraordinary rainfalls occasionally occurring, and which, as stated in *The Mayor, etc., of New York* v. *Bailey* (*supra*), defendant should have anticipated.

We think that the evidence in the case rendered the submission of the question as to the proper construction of the dam, to the jury, necessary, and that the verdict on such evidence cannot be disturbed.

We do not discover any error in the charge of the judge as to the liability of the defendant in the construction of the dam, assuming that the exception taken by defendant on the trial is sufficient to raise this question. The passage in the charge criticized by the learned counsel for appellant, should be considered in connection with other parts of the charge. The instruction given by the court to the jury, taken together, we think correctly states the law applicable to the case.

Nor do we think the court erred in the charge as to the duty of Wager, the gatekeeper. There was testimony indicating that Wager discovered the dam washing away several days before the accident in question, and took no measures whatever to protect it.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.