THE CITY OF KANSAS CITY v. JAMES KING.

No. 12,625.   ('68 Pac. 1093.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS—*Damage from Sewer—Limitation of Action.* The rule of *King v. City of Kansas City*, 58 Kan. 334, 49 Pac. 88, followed, and it is *held*, that a cause of action did not accrue in favor of K. against the city until the sewage and water had been backed through the sewers and precipitated upon his property.

2. ———— *Immaterial Amendment to Petition.* An amendment to the petition that one of the plaintiffs, originally alleged to be an owner, had no interest in the property injured, was not material and did not change the cause of action, since, under the code, judgment may be given for or against one or more of several plaintiffs.

3. ———— *Sewers—Provisions against Floods.* In the construction of sewers emptying into a river a city is not required to provide against phenomenal floods which are beyond reasonable anticipation, but it is required to guard against floods such as have occasionally occurred and which may be reasonably expected to occur again, and, failing to make such provision, it is liable for the consequences of its negligence.

4. PRACTICE, DISTRICT COURT—*Request for Instructions.* A request for special findings, made after the court had announced its findings, overruled the motion for a new trial, and entered final judgment, came too late, and no error was committed in refusing such request.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed May 10, 1902. Affirmed.

*T. A. Pollock*, city counselor, and *M. J. Reitz*, city attorney, for plaintiff in error.

*Sutton, Maher & Sutton*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : In 1897 this case was before us, and it was then determined that the city was answerable to residents for damages resulting from the precipita-

tion of sewage and river-water upon their premises. (*King v. City of Kansas City*, 58 Kan. 334, 49 Pac. 88.)    That holding was based on the averments of the petition that the sewers were so low that when a freshet occurred the water and sewage were backed up on the premises of the plaintiff, causing great injury.    The alleged negligence of the city was the failure to provide suitable flood-gates with which the mouths of the sewers could be closed during a rise of the river.    At the second trial of the case the averments of the petition were well sustained by the testimony produced, and the jury found that in 1892 the sewage was backed up through the manholes and catch-basins of the sewer by high water, and that it could have been avoided by placing flood-gates over the mouths of the sewers.    The lack of flood-gates was the only negligence alleged, and that is the negligence upon which the verdict and judgment are based.

A number of errors are assigned, which will be briefly noticed.    When the cause was remanded for a second trial the petition was amended by striking out the averment that Nina King was the owner of the property injured.    In the original petition it was alleged that James King and Nina King were the owners of the property, and, as the amendment was made after the statutory period for bringing such an action had expired, it is argued that the amendment introduced a new cause of action which was then barred.    The amendment did not introduce a different cause of action, and it was, in fact, immaterial.    The fact that the Kings sued jointly does not require that there shall be a joint recovery or none at all.    The common-law rule was that the several plaintiffs in an action must all recover jointly or all

utterly fail, but our code, section 396 (Gen. Stat. 1901, § 4845), provides that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." If no amendment had been made, and the proof had shown that James King owned the entire interest in the property and had sustained the entire loss, he would have recovered for that loss. (*Hurd v. Simpson*, 47 Kan. 372, 27 Pac. 961.) The fact that Nina King, impleaded with him, had failed to establish the right of recovery would not affect his right to recover for the actual damages sustained by him, and, hence, the amendment was unnecessary and immaterial and did not change the cause of action.

The cause of action arose in favor of the plaintiff below when the overflow occurred and the injury was inflicted. The complaint made was not against the plan of the sewers, but it was rather that they were not properly completed by placing flood-gates over the mouths of the same. The sewers were not built upon the plaintiff's property; they did not constitute a trespass upon his property, and his rights were not invaded until the water was backed through the sewers and precipitated upon his property. Not until that time did a cause of action accrue in his favor, and, hence, the right of action was not barred when the proceeding was begun. (*Union Trust Company v. Cuppy*, 26 Kan. 754.)

It is contended that ordinary high water would not have occasioned injury to King's property, and that the city, in constructing the sewers was not required to anticipate or guard against an extraordinary freshet. It is true that the flood of 1892 may be said to have been an unusual one, but, although unusual, it was such as had occasionally occurred, and which the city

should have anticipated and provided against. The testimony shows that such floods had occurred at irregular intervals, and that they would again occur might reasonably have been expected. It is true that floods unprecedented and so extraordinary as to have been beyond reasonable anticipation are not to be provided against, but while floods like the one which occasioned the injury were of rare occurrence in that vicinity, they had occurred so often in the past as to warrant the belief that the region was subject to them, and that, under the laws of nature, they would occur again. Ordinary care and foresight, therefore, required the city to provide against floods which were or should have been anticipated, and floods were shown to have occurred so frequently that those who constructed the sewers should have anticipated floods like that of 1892, and should have guarded against them by placing flood-gates at the mouths of the sewers. (*Union Trust Company v. Cuppy*, supra; *The Mayor of New York v. Bailey*, 2 Den. 433; *Gray v. Harris*, 107 Mass. 492, 9 Am. Rep. 61; *O. & M. Ry. Co. v. Ramey*, 139 Ill. 9, 28 N. E. 1087; *Railway Company v. Nicholson*, 25 S. W. [Tex. Civ. App.] 54; Ang. Water. § 33.)

The testimony with reference to defects, other than the absence of flood-gates, was properly excluded from the jury, as that was the only negligence alleged, and the findings of fact made show conclusively that the neglect to provide the flood-gates was the sole ground upon which the recovery was had.

The complaint that additional findings, requested by the city, were not made by the court is not good. The findings were not requested until after the court had announced its findings, overruled the motion for a new trial, and entered final judgment. The request

came too late, and no error was committed in refusing it. ( *Wilcox v. Byington*, 36 Kan. 212, 12 Pac. 826 ; *Smythe v. Parsons*, 37 id. 79, 14 Pac. 444; *Allen v. Dodson, Sheriff*, 39 id. 220, 17 Pac. 667.)

The evidence is sufficient to sustain the findings and the judgment of the court, and none of the grounds of error assigned justifies a reversal. The judgment is affirmed.

Doster, C.J., Ellis, J., concurring.