No. 26,603.

GEORGE H. BUSS, *Appellee,* v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WATERS—*Natural Watercourses—Evidence.* The evidence to show that a place through which water flowed was a natural watercourse was such as to justify the court in overruling a demurrer thereto.

2. SAME—*Natural Watercourses—Action for Injuries.* It was not error to deny the motion for judgment in favor of the defendant.

3. LIMITATION OF ACTIONS—*Injuries to Property—Overflowing Land.* An action for damage to crops caused by an obstruction to the flow of water placed in a natural watercourse is not barred by the statute of limitations until two years after that damage is sustained.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 10, 1926. Affirmed.

*W. P. Waggener, O. P. May,* both of Atchison, and *Charles W. Roberts,* of Winfield, for the appellant.

*J. E. Torrance* and *O. W. Torrance,* both of Winfield, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This suit was commenced on three causes of action, one for damage to real property, and two for damage to crops caused by an overflow of water brought about by an obstruction to the flow thereof through a natural watercourse. Judgment was rendered in favor of the plaintiff on one cause of action for damage to crops, and the defendant appeals.

The cause was tried to a jury, which returned a verdict in favor of the plaintiff and answered special questions. There was no mo-

Appeal and Error, 4 C. J. p. 767 n. 11. Trial, 38 Cyc. p. 1930 n. 2. Waters, 40 Cyc. pp. 556 n. 26, 584 n. 50, 587 n. 83; 20 L. R. A. n. s. 886; 25 L. R. A. n. s. 645; 27 R. C. L. 1120.

tion for a new trial.   The questions answered by the jury were as follows:

"Q. Did the plaintiff and his brother construct a levee or an embankment, which caused an increased amount of water to cast upon the lands of the plaintiff, or his brother, constructed such dam or embankment?   A. No.

"Q. What was the approximate extent of the drainage area that had its outlet through defendant's track, before the plaintiff, or his brother, constructed such dam or embankment?   A. About 2,000 acres.

"Q. What is the approximate present drainage area that finds its outlet through the culvert in question?   A. About 2,000 acres.

"Q. Was the culvert in question, when constructed, sufficient to take care of the natural drainage which would flow toward it from plaintiff's land?   A. No.

"Q. Did the depression over which the culvert was constructed have well defined banks and a channel?   A. No.

"Q. If you find the issues in favor of the plaintiff, then itemize the elements of his damage as to the acreage and value of crops injured or destroyed in 1922 and 1923?   A. Twenty acres of $25 per acre in 1922.   None in 1923.

"Q. Was the depression over which the culvert was constructed a natural watercourse?   A. Yes.

"Q. Was the damage of which plaintiff complains due to excessive torrential and unprecedented rainfall?   A. It was not in 1922.   It was in 1923.

"Q. Was the damage of which plaintiff complains due to flood waters from the Ninnescah river?   A. No.

"Q. Did the flood waters of the depression in question join the flood waters of the Ninnescah river along the south side of plaintiff's land?   A. Yes."

At the close of the evidence for the plaintiff, the defendant demurred thereto.   The plaintiff then withdrew his third cause of action, the one for damage to the land, and the demurrer to the evidence to support that cause of action was sustained.   The jury allowed damages on the first cause of action; none on the second.

The defendant moved for judgment in its favor upon the pleadings, evidence, and findings of the jury.   That motion was denied.

1. The defendant contends that its demurrer to the evidence should have been sustained as to the first cause of action.   To support this contention, it is argued that the place through which the water flowed was not a natural watercourse within the meaning of the law.   There was evidence which tended to show that the drainage from about 2,000 acres naturally flowed through a trestle about 100 feet long and about four feet high over which the defendant railroad's tracks had been built; that this trestle was filled; and that a culvert three feet high and four feet wide was put in to take care of the flow of water.   The place through which the water flowed was described by the witnesses as a slough, a depression, a basin,

a swale, and a draw. There was also evidence which tended to show that at places it had banks and at other places it did not have; that at places grass was growing in the bottom of the draw and in other places willows were growing; and that the water naturally flowed through the draw. That brought this case within *Lynch v. Payne, Agent,* 117 Kan. 5, 230 Pac. 85, where this court held that evidence substantially like that in the present case should have been submitted to the jury for the purpose of determining whether or not the place there in question was a natural watercourse. There was no error in overruling the demurrer to the evidence.

2. It is contended that the court erred in denying the motion for judgment in favor of the defendant. To support this contention, it is argued that the negative answer to the question, "Did the depression over which the culvert was constructed have well-defined banks and a channel?" showed that the place at which the fill was made and the culvert was constructed was not a natural watercourse. The answer did not establish that the place was not a natural watercourse because it is not necessary that such a watercourse have well-defined banks and a channel for its whole length, as is shown by *Lynch v. Payne, Agent,* supra. The answer on which the defendant relies should be considered with the affirmative answer to the question, "Was the depression over which the culvert was constructed a natural watercourse?" It is presumed that the court properly instructed the jury as to what constitutes a natural watercourse. The instructions are not abstracted, and no complaint is made of them. The defendant was not entitled to judgment on its motion.

3. It is contended that the action was barred by the statute of limitations. The fill was made and the culvert built in 1916 or 1918. The first cause of action, the one on which the jury found in favor of the plaintiff, was for damage which occurred in 1922. This action was commenced in September, 1923. The argument is made that a cause of action arose when the obstruction was placed across the flow of water. A cause of action for damage to the land arose when the obstruction was built. The plaintiff attempted to recover for that damage in his third cause of action. That was eliminated by withdrawal and by demurrer to the evidence. It is not now involved. There was no trespass on the land of the plaintiff by placing the obstruction across the watercourse and no damage occurred on account of trespass at that time. Damage did occur when the obstruction caused flood waters to destroy the crops of the plaintiff.

This court has on a number of occasions said that a cause of action arises for such damage at the time it occurs. (*Union Trust Co. v. Cuppy*, 26 Kan. 754; *Hardesty v. Ball*, 43 Kan. 151, 155, 23 Pac. 937; *Kansas City v. King*, 65 Kan. 64, 68 Pac. 1093; *Manufacturing Co. v. Bridge Co.*, 81 Kan. 616, 627, 106 Pac. 1034; *Beard v. Kansas City*, 96 Kan. 102, 105, 150 Pac. 540.) The statute of limitations did not commence to run against such an action until the flood and damage occurred. (*Union Trust Co. v. Cuppy*, supra; *Manufacturing Co. v. Bridge Co.*, supra; *Beard v. Kansas City*, supra.) The cause of action on which the plaintiff recovered judgment was not barred by the statute of limitations at the time the action was commenced.

The judgment is affirmed.