Allow, J.
As a result of the freezing of the automobile sprinkler system in the defendant’s building the pipes broke and water flowing therefrom flooded the basement of the adjoining building owned by the plaintiff. For the resultant damage the plaintiff brings this action of tort. There was evidence showing that the temperature between December 19 and 22 reached 11 degrees below zero, Fahrenheit, and that the break occurred on the morning of December 23rd. There was also evidence that the fires in the furnace , which heated the defendant’s building were banked for the night and no watchman or attendant was on the premises. The court refused to rule as requested by the defendant that the evidence did not warrant a finding that the defendant was negligent, and that the conditions directly re *66 sponsible for the accident constituted vis major. There was a finding for the plaintiff.
A person in control of a building is required to exercise reasonable care to keep it in such condition that others will not be injured in their persons or property. Crasselli Dyestuff Corp. v. John Campbell &. Co., 259 Mass. 103, 108. Cunningham v. Cambridge Savings Bank, 138 Mass. 480. Although the defendant had a legal right to own and control a building equipped with a sprinkler system he had a corresponding duty to so maintain it that the public might suffer no harm. He was not an insurer against all hazards, but he was required to provide against the operation of the normal forces of nature which might be anticipated in the particular locality where the building was situated. Cork v. Blossom, 162 Mass. 330, 332. He cannot avoid responsibility by showing that intervening events or agencies contributed to the accident. He is liable if the damage might reasonably have been anticipated on the basis of common experience or the usual course of events. Derry v. Flitner, 118 Mass. 131.
The defendant has urged that the frost to which this accident was attributed constituted vis major. We cannot agree. In a legal or juridical sense an Act of God or vis major is distinguishable from other natural phenomena or occurrences by its unprecedented or unusual' character. Cork v. Blossom, 162 Mass. 330, 332 supra. Hecht v. Boston Wharf Co., 220 Mass. 397, 402. Bratton v. Rudnick, 283 Mass. 556. Whether the particular frost which caused the damage in this case was unusual or unprecedented was a question of fact to be determined by the court in its fact finding’ capacity. Gray et al. v. Samuel Harris, 107 Mass. 492. Although no evidence appears to have been offered with respect to the weather experience of this community prior to December 1942 it is a matter of common knowledge *67 that in these parts a temperature of 11 degrees below zero, Fahrenheit, is not without precedent and has occurred on many occasions. It is sufficient for the purposes of this report to state that the circumstances did not require the court to find other than it did.
Report dismissed.